

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:25-cr-3 |
| | ) |
| BRAD KENNETH SPAFFORD, | ) Possession of Unregistered |
| | ) Short Barrel Rifle |
| | ) 26 U.S.C. § 5861(d) |
| Defendant. | ) (Count 1) |
| | ) |
| | ) Possession of Unregistered |
| | ) Destructive Device |
| | ) 26 U.S.C. § 5861(d) |
| | ) (Count 2) |
| | ) |
| | ) Criminal Forfeiture |
| | ) 18 U.S.C. § 924(d); 26 U.S.C. § 5872 |

INDICTMENT

January 2025 Term — At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

COUNT ONE
(Possession of Unregistered Short Barrel Rifle)

On or about December 17, 2024, in the Eastern District of Virginia, the defendant, BRAD KENNETH SPAFFORD, did knowingly possess a firearm that was required to have been registered in the National Firearms Registration and Transfer Record, to wit: a Palmetto State Armory PA-15 S/N SCD403476 short barrel rifle; and was not registered to the defendant in the National Firearms Registration and Transfer Record.

(In violation of Title 26, United States Code, Sections 5841, 5861(d), & 5871.)

## COUNT TWO
(Possession of Unregistered Destructive Device)

On or about December 17, 2024, in the Eastern District of Virginia, the defendant, BRAD KENNETH SPAFFORD, did knowingly possess a firearm that was required to have been registered in the National Firearms Registration and Transfer Record, to wit: an improvised explosive device identified in FBI records as Device #4; and was not registered to the defendant in the National Firearms Registration and Transfer Record.

(In violation of Title 26, United States Code, Sections 5841, 5861(d) & 5871.)

## **FORFEITURE**

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. BRAD KENNETH SPAFFORD, if convicted of either of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition used in or involved in the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Section 924(d); Title 26, United States Code, Section 5872; and Title 28, United States Code, Section 2461(c)).

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

*United States v. Brad Kenneth Spafford*
2:25-CR-3

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
E. Rebecca Gantt
Assistant U.S. Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
Phone: (757) 441-3591
Fax:    (757) 441-6689
Email: rebecca.gantt@usdoj.gov