IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRAD KENNETH SPAFFORD,<br><br>Defendant. | Criminal No. 2:25-cr-3 |

**CONSENT ORDER OF FORFEITURE**

BASED UPON the plea agreement into which the defendant and the United States have entered, and finding the requisite nexus between the property listed below and the offense to which the defendant has pleaded guilty, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c):

   a. All firearms, magazines, and ammunition seized from the defendant in ~~Suffolk~~ Smithfield, VA on December 17, 2024, including: [handwritten: on L↑fw.?]

      i. Approximately 3252 .223/.556 rifle rounds;

      ii. Approximately 13 rifle magazines;

      iii. Approximately 4 ammunition canisters; and

      iv. Palmetto State Armory Model PA-15 multi-caliber Serial # SCD403476.

   b. All destructive devices seized from the defendant in ~~Suffolk~~ Smithfield, VA on December 17, 2024. [handwritten initials]

[handwritten initials at bottom right: BKS / JM / ERB]

2.      The United States shall seize all forfeited property and shall take full and exclusive custody and control of same, regardless of whether presently held by the defendant or a third party. The United States is further authorized to conduct any discovery proper in identifying, locating, or disposing of the forfeited property, pursuant to Fed. R. Crim. P. 32.2(b)(3).

3.      This forfeiture order is final as to the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), but preliminary as to third parties who may have a legal interest in a specific property.

4.      The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6).

5.      Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the final publication of notice or receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of an alleged interest in the property, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1).

6.      Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), and shall dispose of the property in accordance with law.

/s/ Arenda L. Wright Allen
Honorable Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
Dated: 7/18/2025

The parties stipulate and agree that the aforementioned assets represent property described in 18 U.S.C. § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c) and, as such, are subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order. The defendant agrees not to file or interpose any claim to the property listed herein, in whole or in part, in any proceedings or manner whatsoever.

ERIK S. SIEBERT
UNITED STATES ATTORNEY

_____
Emily Rebecca Gantt
Luke Bresnahan
Assistant United States Attorneys

SEEN AND AGREED TO:

_____
Brad Kenneth Spafford
Defendant

_____
Jeffrey A. Swartz
Lawrence Hunter Woodward, Jr.
Attorneys for Defendant